NONPRECEDENTIAL DISPOSITION

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2017[*]
Decided February 13, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1056

| | |
|---|---|
| ERIC C. HUDSON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 13-cv-04091 |
| RONALD SALIER, *Defendant-Appellee*. | Sara Darrow, *Judge*. |

**O R D E R**

Eric Hudson appeals the grant of summary judgment against him in this civil-rights suit asserting that a police officer falsely arrested him based on a warrant for a different individual. We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(A)(2)(C).

Hudson was in the passenger seat of a car driven by Johnny Hicks when they were pulled over for a broken headlight by Illinois State Police Officer Ronald Salier. Salier ran Hicks's name through a computer in his squad car and discovered a warrant for his arrest. Salier proceeded to arrest Hicks and secure him in the back of the squad car. Hicks told Salier that Hudson could drive the car from the scene so that it would not have to be towed. Salier then asked Hudson for his license, in accordance with standard operating procedures, and ran his information through the computer. The computer returned a warrant for an individual named Clifton Hudson—Eric's brother—who had failed to pay a ticket on an uninsured vehicle. According to Salier, the computer displayed identifying information, such as Clifton's height, weight, and eye color, as well as a birthdate that matched Eric's and Eric's name as an alias. Salier arrested Eric and radioed for backup.

While Salier was putting Eric under arrest, Clifton and two other family members arrived at the scene. They protested that Eric could not be the subject of the warrant, but Salier continued with the arrest and placed Eric into another squad car that had pulled up. Salier had Eric transported to the local jail to be fingerprinted to confirm his identity; that way, he either could be booked on a valid, applicable warrant or released. Eric was taken to the jail and fingerprinted, but jail officials did not realize that he was not the subject of the warrant. He was booked and placed in a cell until a family member bonded him out hours later.

Eric Hudson sued Salier under 42 U.S.C. § 1983 asserting false arrest in violation of the Fourth and Fourteenth Amendments. After discovery had taken place, Salier moved for summary judgment, arguing that he acted reasonably as a matter of law in arresting Eric based on the information contained in the warrant.

The district court determined that Eric's Fourth Amendment rights were not violated, and granted summary judgment for Salier. The court agreed with Salier that his decision to arrest Eric was reasonable based on his name and birthdate matching the information on the warrant. As for Eric's argument that Salier would have discovered the mistaken information had he listened to the protests of family members present, the court explained that Salier—knowing that there was a valid warrant for Clifton Hudson's arrest—was not required to seek out evidence that potentially would exonerate Eric.

Eric, through counsel, appealed, and we allowed counsel to withdraw after Eric's opening brief was filed. Eric challenges the district court's conclusion that Salier acted reasonably when he mistook him for Clifton, the target of the warrant. In Eric's view,

his arrest was unreasonable because Salier acknowledged that there was only a "50/50" chance he was arresting Clifton Hudson. According to Eric, Salier should have conducted a more thorough investigation into his identity because Eric's driver's license alerted Salier that he may have been arresting someone other than the target of the warrant.

When a police officer mistakes a person for someone he seeks to arrest, the arrest is constitutional if the officer (1) has probable cause to arrest the person sought, and (2) reasonably believes that the arrestee is the person sought. *See Hill v. California*, 401 U.S. 797, 802 (1971); *Catlin v. City of Wheaton*, 574 F.3d 361, 365 (7th Cir. 2009). Reasonable belief requires a "sufficient probability, not certainty" that the arrestee is the intended target. *See Hill*, 401 U.S. at 804; *Tibbs v. City of Chicago*, 469 F.3d 661, 664 (7th Cir. 2006).

As the district court properly determined, Salier's decision to arrest Eric was reasonable. The physical similarities between Eric and the warrant's description of Clifton, coupled with Eric's identification matching the alias name and birthdate from the warrant, was enough to support the reasonableness of Eric's arrest. *See Hill*, 401 U.S. at 803–04 (holding that police officers had probable cause to arrest individual who matched the suspect's physical description, even though he produced identification showing that he was not the suspect); *Catlin*, 574 F.3d at 365– 66 (upholding reasonableness of an arrest of a person having a name different from target's but similar age, height, weight, and arrestee was driving motorcycle similar to that of target's in area where target was expected to be found); *Tibbs*, 469 F.3d at 664 (upholding reasonableness of an arrest of a person having same name, race, and sex as target but different middle initials and a 6-year age difference). To the extent Eric maintains that Salier should have heeded the protests of family members and investigated his identity further, Salier was not required to do so because he had probable cause to make the arrest. *See Baker v. McCollon*, 443 U.S. 137, 145–46 (1979); *Atkins v. City of Chicago*, 631 F.3d 823, 828 (7th Cir. 2011).

AFFIRMED.